HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDRES HERNANDEZ-VARGAS,<br><br>                    Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | No.  11-CV-5957 RBL<br><br>ORDER<br><br>[Dkts. #8, 9, 15] |

      Petitioner, seeking habeas relief under 28 U.S.C. § 2255, requests copies of transcripts of his trial and hearings from the clerk without making payment and moves for appointment of counsel.  Upon review, the Court must deny the motions.

### MOTION FOR TRANSCRIPTS

      Petitioner requests an "informal loan of Court documents," relating to certain hearings and days of trial.  Pet.'s Mot. at 1 (Dkt. #8).  These documents are available through the Clerk's office for a fee.  Petitioner has not shown grounds to avoid the usual costs of copying.

### MOTION FOR APPOINTMENT OF COUNSEL

      No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981).  However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel for indigent litigants who are proceeding IFP. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).  The Court will appoint counsel only under "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th

Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (internal quotations omitted). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

Here, Petitioner has thus far adequately explained the grounds for his claims, which do not appear sufficiently strong or complex to warrant counsel.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the motions for transcripts (Dkt. #8) and the motion to appoint counsel (Dkt. #9). In light of these findings, Petitioner's motion to compel is **DENIED** as moot (Dkt. #15).

Dated this 16th day of May 2012.

Ronald B. Leighton
United States District Judge