HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDRES HERNANDEZ VARGAS, | CASE NO. C11-5957 RBL |
| Petitioner, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

THIS MATTER is before the Court on Petitioner's Motion for a Certificate of Appealability [Dkt. #23] and his Motion for Leave to appeal *in forma pauperis* [Dkt. #24].

The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a habeas petitioner must make a showing that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

The Petition raises a constitutional question, and Petitioner is correct that the warrantless GPS tracking is no longer permissible. *See United States v. Jones*, 132 S. Ct. 945 (2012). But the Supreme Court case so holding was decided after the events leading to Petitioner's arrest. The officers acted in compliance with Ninth Circuit precedent at the time they acted. *See Davis v. United States*, 131 S. Ct. 2419, 2426 (2011) ("[T]he harsh sanction of exclusion should not be applied to deter objectively reasonable law enforcement activity. Evidence obtained during a search conducted in reasonable reliance on binding precedent is not subject to the exclusionary rule").

Petitioner has not made a substantial showing of the deprivation of a constitutional right in this case. This Court will not issue a Certificate of Appeal, and Petitioner's Motion [Dkt. #23] on this point is DENIED.

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).

While Petitioner's claims are not viable, it cannot be said that they are frivolous, or that he is acting in bad faith. Petitioner's Motion [Dkt. #24] on this point is GRANTED. The Petitioner shall be permitted to appeal *in forma pauperis*.

IT IS SO ORDERD

Dated this 14th day of January, 2013.

Ronald B. Leighton
United States District Judge